UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITIZENS INSURANCE COMPANY
OF AMERICA,

    Plaintiff,

    v.                                            Case No. 15-14393
                                               HON. TERRENCE G. BERG

FCA US LLC, COREPOINTE INSURANCE
COMPANY, and CHRYSLER INSURANCE
COMPANY,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. 15)

In this case, Plaintiff Citizens Insurance Company of America alleges, pursuant to Michigan state law, that it is entitled to recover from Defendants all no-fault benefits Plaintiff has paid to a car-accident victim since being assigned to pay those benefits in the wake of the Chrysler bankruptcy in 2009. (Dkt. 1-2, pp. 6-15.) Defendant FCA US LLC ("FCA") removed this case to federal court on December 18, 2015 (Dkt. 1), and filed a motion to dismiss on January 12, 2016 pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 4). In its motion to dismiss, Defendant FCA argues that the sales order entered by the Bankruptcy Court of the Southern District of New York allowing the sale of Chrysler Motors' ("Old Carco") assets to Defendant FCA "free and clear" of successor liability claims also bars Plaintiff's claims in this case. (Dkt. 4, pp. 14-15.)

Defendant FCA's motion was fully briefed as of February 12, 2016, and a hearing is scheduled for April 25, 2016 in Flint, Michigan. (*See* Dkts. 4, 8, 9, 14.) On March 21, 2016, Plaintiff filed a sur-reply (Dkt. 11) that was stricken on March 22, 2016 because it was filed without leave of court. On March 28, 2016, Plaintiff filed a motion for leave to file a sur-reply (Dkt. 13) and Defendant FCA objected by filing a response two days later (Dkt. 14). Because Defendant FCA's reply raised no new arguments that might have justified a sur-reply, and because Plaintiff's motion appeared to rest on arguments peripheral to the question of the effect that the bankruptcy court sales order has on Plaintiff's claims, Plaintiff's motion for leave to file a sur-reply was denied by text-only order on April 4, 2016.

Plaintiff now seeks reconsideration of that denial order. (Dkt. 15.) Oral argument on Defendant FCA's motion to dismiss, however, is set for April 25, 2015, only three business days away. In light of its untimely nature, and because the arguments raised in the proposed sur-reply continue to appear to be peripheral to the issue at hand, Plaintiff's motion for reconsideration is **DENIED**.

However, to the extent that Plaintiff may wish to raise the issues presented in its proposed sur-rely at oral argument on April 25, 2016, Plaintiff may do so briefly and Defendant FCA will be given the opportunity to respond. Defendant FCA is fully advised as to the premises of Plaintiff's proposed sur-reply, having already objected to the same. After hearing argument, the Court will consider whether good cause has been shown to permit the filing of a sur-reply.

    SO ORDERED.

                                        s/Terrence G. Berg
                                        TERRENCE G. BERG
                                        UNITED STATES DISTRICT JUDGE

Dated: April 25, 2016

### Certificate of Service

I hereby certify that this Order was electronically submitted on April 25, 2016, using the CM/ECF system, which will send notification to each party.

                                      By: s/A. Chubb
                                            Case Manager